**IN THE COURT OF APPEALS OF IOWA**

No. 16-0566
Filed June 15, 2016

**IN THE INTEREST OF M.B., B.M., C.M., T.O., and S.O.**
**Minor Children,**

**A.M., Mother,**
　　　　Appellant,

**S.O., Father,**
　　　　Appellant.
_____


　　　　Appeal from the Iowa District Court for Guthrie County, Virginia Cobb,

District Associate Judge.


　　　　A mother and father separately appeal the order terminating their parental

rights.  **AFFIRMED ON BOTH APPEALS.**


　　　　Christine L. Sand of Wild, Baxter & Sand, P.C., Guthrie Center, for

appellant mother.

　　　　Susan R. Stockdale, Windsor Heights, for appellant father.

　　　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Janet

L. Hoffman, Assistant Attorneys General, for appellee State.

　　　　Donna M. Schauer of Schauer Law Office, Adel, for minor children.


　　　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the order terminating their parental rights. We find there is sufficient evidence in the record to support termination of the parents' rights and termination is in the children's best interests. This case is not appropriate for an exception to termination based upon the fact the children were placed in the custody of a relative or the closeness of the parent-child bond. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

A.M. is the mother of five children, born in 2004, 2006, 2007, 2011, and 2012. S.O. is the father of the youngest child.[1] The children were removed from the care of A.M. and S.O. in May 2014 after they tested positive for methamphetamine and were placed with the maternal great-grandmother.[2] The children were adjudicated to be in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) (2013).

A.M. and S.O. admitted to using methamphetamine in November 2014. They each attended a substance abuse treatment program but relapsed and had positive drug tests in March 2015. A.M. was inconsistent in visiting the children and did not have stable housing, instead living with various friends. S.O. continued to have positive drug tests and frequently did not appear for scheduled

---

[1] C.B. is the father of M.B., born in 2004, and B.M., born in 2006. C.B. did not appeal the termination order. S.M. is the father of C.M., born in 2007, and T.O., born in 2011. He appealed, but his appeal was untimely and it was dismissed by the Iowa Supreme Court.

[2] Initially, only the oldest three children lived with the maternal great-grandmother, and the youngest two children lived with the paternal grandmother. By December 2014, however, all of the children had been placed with the maternal great-grandmother.

tests. He has a criminal history and in 2015 was charged twice with driving while barred.

On July 31, 2015, the State filed a petition seeking termination of the parents' rights. A.M. had another positive drug test in August 2015, and in September 2015, she was charged with third-degree burglary and second-degree theft. S.O. tested positive for methamphetamine in October 2015. The district court entered orders on March 16, 2016, terminating A.M.'s parental rights pursuant to section 232.116(1)(e), (f) (M.B., B.M., C.M., and T.O), (h) (S.A.O.), and (*l*) (2015). S.O.'s parental rights to his child, S.A.O., were terminated pursuant to section 232.116(1)(e), (h), and (*l*). A.M. and S.O. separately appeal the termination of their parental rights.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

A.M. and S.O. claim there is not sufficient evidence in the record to support termination of their parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only

find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

A common element of section 232.116(1)(f) and (h) is the requirement for clear and convincing evidence the child cannot be returned to the custody of the child's parents as provided in section 232.102. A child may be removed from the home under section 232.102(5)(a)(2) if "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." The children were adjudicated to be in need of assistance due to lack of supervision by the parents caused by their use of methamphetamine. At the time of the termination hearing, both parents had recent methamphetamine use. We conclude there is clear and convincing evidence in the record to show the children could not be safely returned to the care of A.M., or for the youngest child, to S.O. We determine the juvenile court properly terminated A.M.'s parental rights under section 232.116(1)(f) and (h), and S.O.'s parental rights under section 232.116(1)(h).

### IV. Exceptions

S.O. claims the juvenile court should not have terminated his parental rights because his child was placed with relatives and due to the closeness of the parent-child bond. A.M. raises the same claims, stating the court should have decided to apply the exceptions found in section 232.116(3)(a) and (c). A court may decide not to terminate a parent's rights based on the exceptions found in section 232.116(3), including when a relative has legal custody of the child or termination would be detrimental to the child due to the closeness of the parent-child relationship. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

We find the juvenile court properly determined the exceptions found in section 232.116(3) should not be applied in this case. The juvenile court found, "the termination is in the best interest of the child and that after consideration, there are no exceptions or factors as set forth in 232.116(3) that make the termination unnecessary."

We affirm the decision of the juvenile court.

**AFFIRMED ON BOTH APPEALS.**